## Mid-Penn Consumer Discount Co. v. Chamberlain

*Hugh M. Odza*, for plaintiff.
*Bruce Fox*, for defendant.

RICHETTE, *J.*, January 4, 1979—On August 24, 1978, plaintiff, Mid-Penn Consumer Discount Company (hereinafter Mid-Penn), filed a complaint in mortgage foreclosure and assumpsit against defendant, Phyllis M. Chamberlain, mortgagor of the premises at 4569 Ditman Street, Philadelphia, Pa. The amount alleged due plaintiff by defendant is $822.15. Prior to the filing of said complaint, Mid-Penn sent defendant Chamberlain a paper entitled "Thirty Day Notice of Intention to Take Legal Action and/or Foreclosure Given under Pennsylvania Act 6 of 1974" and dated July 12, 1978. That communication stated that an amount of $68 was required to cure default. Defendant has filed preliminary objections which are now before this court.

## I. PLAINTIFF'S FAILURE TO PROVIDE ADEQUATE NOTICE OF INTENTION TO FORECLOSE

Defendant Chamberlain contends that plaintiff Mid-Penn failed to give proper notice of its intention to foreclose as required by the Act of January 30, 1974, P.L. 13, 41 P.S. §403 (Act 6), and that by consequence the complaint must be dismissed for

want of subject matter jurisdiction. Plaintiff's answer to the preliminary objections asserts that its July 12, 1978, communication, referred to above, to Ms. Chamberlain comports with the spirit and law of the notice requirement of Act 6.

After reviewing the statute (Act 6), the "notice" of intention to foreclose sent by defendant Mid-Penn and the recent case law discussed in the memoranda of both parties, this court concludes that the preliminary objections to the complaint should be sustained.

Act 6, 41 P.S. §403, provides that written notice of an intention to foreclose meet certain requirements of conspicuousness and clarity of language. See Fidelity Bond and Mortgage Co. v. Clark, 7 D. & C. 3d 742 (1978), and Salmon Bldg. and Loan Assoc. v. Mroz, 6 D. & C. 3d 59 (1977). Although this court finds that plaintiff's communication of July 12, 1978, to defendant meets the conspicuousness requirement of the statute, it fails to give a sufficiently clear notice of a mortgagor's obligations and rights under Act 6.

Plaintiff's July 12, 1978, letter is an almost verbatim replica of the notice of an intention to foreclose rejected as insufficient by Judge Prattis in his memorandum in Fidelity Bond and Mortgage Co. v. Clark, supra. In that opinion, Judge Prattis observed:

"Considering the nature of the information required to be set out in the statute [Act 6], and the purpose for which the statute was inacted, Fidelity's notice may well have been more effective had it set forth the information in terms readily understandable by a lay person. Fidelity's notice is in technical compliance with Act No. 6. Such strict

compliance does not comport with the purpose of the act, however, and is so insufficient as to require dismissal of the complaint. We conclude, therefore, that Fidelity's notice is drawn largely in the complex and turgid language of the statute, and as such failed to advise the debtor of the rights and obligations on default, as required by Act No. 6."

This court concurs with Judge Prattis' criticism of the foreclosure notice involved in Fidelity Bond & Mortgage Co. v. Clark, supra, and since the notice sent by plaintiff in the case at bar is its virtual mirror image, it too fails to meet the spirit of the clarity requirement set forth by 41 P.S. §403.

## II. PLAINTIFF'S FAILURE TO COMPLY WITH Pa.R.C.P. 1146

In her preliminary objections, defendant also alleges that the complaint is defective because it includes a cause of action in assumpsit in violation of the dictates of Pa.R.C.P. 1146. This court has decided the motion on other grounds; however, for the record, we note the merits of this second contention by defendant. Rule 1146 does prohibit the joinder of a cause of action in assumpsit and one for foreclosure.

## ORDER

And now, January 4, 1979, defendant's preliminary objections are sustained and plaintiff's complaint in assumpsit and in mortgage foreclosure is dismissed, without prejudice to the rights of plaintiff to reinstate its complaint in foreclosure after having filed notice in substantial conformity with the requirements of Act 6 of 1974, 41 P.S. §403.